PHENIX INSURANCE COMPANY OF BROOKLYN V. LOUIS SLOBODISKY.

FILED FEBRUARY 17, 1898. No. 7836.

Insurance: ACTION ON POLICY: PLEADING: EVIDENCE: BREACH OF CONTRACT: ESTOPPEL. Where an insurance company in its answer denies that it entered into a contract for the issuance of a policy of insurance on plaintiff's property in the usual or in any other form, such company cannot be permitted to offer in evidence a blank policy of the usual form for the purpose of showing the existence of certain conditions, restrictions, and warranties, with a view to showing such breaches thereof as, by the terms of the policy, operated to render it void.

ERROR from the district court of Douglas county. Tried below before KEYSOR, J. *Affirmed*.

*Jacob Fawcett* and *Greene & Breckenridge*, for plaintiff in error.

*Parke Godwin* and *John D. Howe*, contra.

RYAN, C.

This proceeding is for the reversal of a judgment rendered by the district court of Douglas county against the Phenix Insurance Company of Brooklyn, New York. The petition in said district court contained averments to the effect that, February 14, 1893, plaintiff was the owner of certain described personal property of which the defendant agreed to become the insurer to an amount equal to $2,000, but not in excess of $5,000, for a period of one year, in consideration of the payment of $30, and agreed to make and deliver to plaintiff a policy of insurance for $2,000 in the usual form of such policies issued by the defendant. It was further alleged in the petition that by the terms of the policies issued by the defendant in the usual form the said defendant promised to indemnify the assured against loss or damage by fire of the property described to an amount not exceeding the cash value thereof at the time of such loss, and in no event to exceed the sum of insurance, and the said amount to be paid by defendant sixty days after proofs of loss of said property shall have been made by the assured and received by the defendant and the loss shall have been ascertained by the arbitrators appointed and the loss proved in accordance with the terms and provisions of such policy, or unless the company shall have given notice of their intention to replace, rebuild, or repair the property damaged or destroyed within said sixty days. It was further averred in the petition that, February 20, 1893, while the said agreement to insure was in full force, the property insured was destroyed by fire and that its value was $7,000, no part of which had ever been paid by the defendant. It was also alleged in the petition that plaintiff had furnished proofs of loss and in all other respects complied with the conditions of said agreement and policy on his part to be performed. There was a prayer for judgment in the sum of $2,000, with interest thereon from February 21, 1893. The an-

swer of the insurance company contained the following averments: "It admits that on the 21st day of February, 1893, the dwelling-house and household furniture and other personal property described in plaintiff's petition were partially damaged by fire, but denies that the same were totally destroyed by fire, and denies that said household furniture and other personal property was of the value set out in plaintiff's petition, and denies each and every other allegation in plaintiff's petition contained. As a further defense to plaintiff's action the defendant alleges that no completed contract of insurance was ever entered into between the plaintiff and defendant for the insurance set out in plaintiff's petition, and that no policy of insurance was ever executed or delivered to the plaintiff for any of the insurance set out in plaintiff's petition; and that no money or premium of any kind was ever paid to the defendant by plaintiff or any of the insurance set out in plaintiff's petition." Following the above language there were averments in the answer to the effect that the usual form of policy which defendant was issuing on said February 17, 1893, to its patrons in Omaha contained certain conditions, restrictions, limitations, agreements, and warranties which were described at great length. By these it was provided that the policies should become void if the insured property should be sold, transferred, or incumbered, and it was provided that all representations as to the condition of the title upon which the policy issued should be deemed warranties, which, if broken, should render the policy void. By its answer the insurance company pleaded that the property was incumbered February 17, 1893, etc., and upon these facts pleaded that the policy was void. In the course of the trial there was an offer in evidence of a policy by the defendant of the usual form. The court refused to permit the introduction of this policy and the errors argued in this case depend upon this ruling.

In making proof to entitle him to recover, plaintiff

followed the averments of his petition which have already been described. There was no cross-examination as to whether or not the usual form of policy contained the conditions, provisions, restrictions, or warranties set up in the answer. The proofs made by plaintiff, if believed by the jury, entitled him to recover. There was, therefore, no such condition as we can imagine might exist, when, under a denial, proof of the usual contents of a policy would be admissible. If it had been admitted in evidence, the usual form of policy could have subserved no purpose of the defendant, except to show that there were certain conditions, restrictions, and warranties, the breach of which destroyed plaintiff's cause of action. In other words, the introduction of the usual form of policy was material for only one purpose, and that was to serve as a basis for an affirmative defense. In *Home Fire Ins. Co. v. Fallon*, 45 Neb. 554, it has been held that where an insurance company, either before suit brought or by answer in the action, denies that the policy was in force when the loss occurred, it cannot avail itself of a provision in the policy that no action shall be brought until sixty days after proofs of loss and adjustment. The principle on consideration of which the conclusion just stated was reached is of controlling force with respect to the error herein assigned. A party cannot deny the existence of a contract and at the same time insist that such contract contained conditions for his protection. In other words, there must be a confession if he would avail himself of an avoidance.

There is found in the record no prejudicial error and the judgment of the district court is

AFFIRMED.